UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

LAFAYETTE DIVISION

| NOEL BROWN | CIVIL ACTION NO. 08-1858 |
| FED. REG. NO. 39312-018 | |
| VS. | SECTION P |
| | JUDGE DOHERTY |
| WARDEN VIATOR, ET AL. | MAGISTRATE JUDGE METHVIN |

*REPORT AND RECOMMENDATION*

*Pro se* petitioner Noel Brown, a prisoner in the custody of the Federal Bureau of Prisons (BOP), filed the instant petition for writ of *habeas corpus* pursuant to 28 U.S.C. §2241 on November 20, 2008. Petitioner is currently incarcerated at the Pine Prairie Corrections Center (PPCC), Pine Prairie, Louisiana. He seeks an immediate transfer to another BOP institution; or, his release from administrative segregation. This matter has been referred to the undersigned for review, report, and recommendation in accordance with the provisions of 28 U.S.C. §636 and the standing orders of the court. For the following reasons it is recommended that the petition be **DISMISSED WITH PREJUDICE** .

*Background*

Petitioner is an inmate in the custody of the BOP; he is serving a 138-month sentence imposed following his convictions in the United States District Court for the Middle District of Florida. [rec. doc. 1, p. 6] He was transferred to PPCC on November 16, 2007. [rec. doc. 1, p. 7] He was placed in protective custody and is awaiting transfer to another institution. He complains that his "... documents were not processed by administration for reasons unexplained..."; that other inmates in protective custody have processed and designated for transfer to other prisons; and, that he fears for his life because of gang violence at PPCC. He claims that prison authorities

have determined that he can be safely returned to the general population, but the disputes that finding. Finally, he claims that should he refuse to return to general population, he will be subject to a disciplinary hearing and confinement in the Special Housing Unit. [rec. doc. 1, ¶7]

*Law and Analysis*

Petitioner does not specify what relief he seeks, but presumably he is asking the Court to order his immediate transfer to another prison, or, in the alternative, an order directing prison authorities to allow him to remain in protective custody pending transfer. Petitioner has asserted his claims in a petition for *habeas corpus* filed pursuant to 28 U.S.C. §2241; he is entitled to relief only if he establishes that he is in custody in violation of the Constitution or laws of the United States, or, that he has otherwise been denied some right secured to him by the Constitution or laws of the United States. *Allison v. Kyle*, 66 F.3d 71, 73 (5th Cir. 1995); see also 28 U.S.C. §2241(c)(3). Nothing in the petition or exhibits suggests that petitioner's custody violates the Constitution or laws of the United States, or that he has otherwise been denied some right secured by the Constitution and laws of the United States.

Petitioner implies that his confinement in SHU for disobeying an order to return to general population is depriving him ( or will deprive him) of liberty without due process; he likewise implies that he has a right to be transferred to another prison expeditiously. He is incorrect.

By virtue of a valid criminal conviction and subsequent legal confinement, a prisoner loses his expectation of liberty. See *Meachum v. Fano*, 427 U.S. 215, 224, 96 S.Ct. 2532, 49 L.Ed.2d 451 (1976). Nevertheless, petitioner implies that his due process rights were violated (or

will be violated) when (or if) prison officials confine him to administrative segregation in the SHU for refusing to return to general population.

This allegation, taken as true for the purposes of this Report, fails to state a constitutional claim authorizing habeas relief because "[t]he Due Process Clause does not protect every change in the conditions of confinement having a substantial adverse impact on the prisoner." *Sandin v. Conner*, 515 U.S. 472, 478, 115 S.Ct. 2293, 132 L.Ed.2d 418 (1995). The federal jurisprudence holds that a prisoner's due process rights are limited to freedom from restraints that impose "atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." *Sandin*, 515 U.S. at 484. Thus, relying on *Sandin*, the Fifth Circuit has found that "'administrative segregation, without more, simply does not constitute a deprivation of a constitutionally cognizable liberty interest.' " *Pichardo v. Kinker*, 73 F.3d 612, 613 (5th Cir.1996) (quoting *Luken v. Scott*, 71 F.3d 192, 193 (5th Cir. 1995)) (rejecting claim that confinement in administrative segregation violated prisoner's due process rights). The Fifth Circuit has also rejected a state prisoner's claim that the additional restrictions imposed on those in administrative segregation violated his due process rights. See *Martin v. Scott*, 156 F.3d 578, 580 (5th Cir.1998) (per curiam)(absent extraordinary circumstances, administrative segregation as such, being an incident to the ordinary life of a prisoner, will never be a ground for constitutional claim because it simply does not constitute a deprivation of a constitutionally cognizable liberty interest.).

In other words, when a prisoner is lawfully incarcerated, he loses by virtue of his confinement, many of the rights and privileges that most citizens enjoy. *Madison v. Parker*, 104 F.3d 765, 767 (5th Cir.1997). Thus, "... mere[ ] changes in the conditions of [ ] confinement ... do

not implicate due process concerns." See *Madison*, 104 F.3d at 768; see also *Harper v. Showers*, 174 F.3d 716, 718 (5th Cir.1999) ("Inmates have no protectable property or liberty interest in custodial classifications."). Plaintiff's confinement in lock-down will not amount to an"atypical" hardship and therefore, insofar as he complains about that confinement, he fails to state a claim for which relief might be granted.

Likewise, to the extent he implies that he is entitled to be transferred to another prison, he fails to state a claim for which relief might be granted. because prisoners do not have a constitutional due process right to incarceration in a particular place or at a particular institution. See *Olim v. Wakinekona*, 461 U.S. 238, 245-46, 103 S.Ct. 1741, 75 L.Ed.2d 813 (1983); *Meachum v. Fano*, 427 U.S. 215, 224-25, 96 S.Ct. 2532, 49 L.Ed.2d 451 (1976). Such decisions are generally left to the discretion of corrections officials and are not typically subject to judicial review.

In short, petitioner has not shown that he is in custody in violation of the Constitution and laws of the United States; nor has he otherwise shown that he has in any way been deprived of a right secured to him by the Constitution. Accordingly, he is not entitled to *habeas corpus* relief pursuant to 28 U.S.C. §2241.

Accordingly,

**IT IS RECOMMENDED** that this petition for *habeas corpus* should be **DENIED AND DISMISSED WITH PREJUDICE**.

Under the provisions of 28 U.S.C. Section 636(b)(1)(C) and Rule 72(b), parties aggrieved by this recommendation have ten (10) business days from service of this report and recommendation to file specific, written objections with the Clerk of Court. A party may

respond to another party's objections within ten (10) days after being served with a copy of any objections or response to the District judge at the time of filing.

**Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in this Report and Recommendation within ten (10) days following the date of its service, or within the time frame authorized by Fed.R.Civ.P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error. See,** *Douglass v. United Services Automobile Association*, **79 F.3d 1415 (5th Cir. 1996).**

Signed at Lafayette, Louisiana, on December 22, 2008.

Mildred E. Methvin
United States Magistrate Judge
800 Lafayette St., Suite 3500
Lafayette, Louisiana 70501
(337) 593-5140 (phone) 593-5155 (fax)